[No. 5793. Decided December 13, 1905.]

D. J. HEFFRON et al., Respondents, v. LOUIS FOGEL et al., Appellants.[1]

REFORMATION OF INSTRUMENTS—DEED—DIVISION LINE—MISTAKE—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY. In order to reform a deed on the ground of mistake and misrepresentations of the vendors as to the boundary line, the proof must be clear and convincing, and is not sufficient, where three witnesses testify for the plaintiffs to the effect that the fractional part of the lots described in the deed was represented as coming to the line of a certain sidewalk, when in fact it fell two feet and nine inches short thereof, and four witnesses for the defendants contradicted the plaintiffs' evidence, and they were corroborated by the fact that the lines were known and marked, that the defendants could not have been mistaken and had no object in making such representations, as it was against their interests to do so, and would leave them a narrow strip of useless land upon the other side of the parcel conveyed.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered January 9, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to reform a deed. Reversed.

*John C. Hogan,* for appellants.

*Ben Sheeks,* for respondents.

1Reported in 82 Pac. 1003.

Root, J.—Appellants were the owners of two lots in Wetherwax & Benn's addition to the city of Aberdeen, which lots were each fifty by one hundred and thirty feet, the greater length being north and south. One of these lots bordered on the west side of G street, and was adjoined by the other upon the west. Along the end of these two lots on the north was an alley. This alley and G street were paved, and the sidewalk upon said street marked the eastern boundary line of said property. Prior to the events which gave rise to this action, these appellants had sold to one Curtis a parcel of land thirty-two feet in width off from the south end of their two lots; and another strip of land thirty-two feet wide and adjoining that of Curtis upon the north, they had sold to one Kaufman.

Upon the north thirty-four feet of these lots adjoining and to the south of the alley forming the north boundary of the entire tract, these appellants owned a house in which they made their home. Between this parcel and that sold to Kaufman there was a strip of land extending across the two lots and having a frontage of thirty-two feet upon said G street. This parcel of land with a house thereupon was sold and conveyed by appellants to respondents. Between the house thus sold and the house occupied by appellants, there was a board sidewalk about five feet wide, extending from G street to a point opposite the rear of said two houses, and which was used by the occupants of both. The difficulty causing this action arose from the question as to where appellants represented the division line to be between their property and that sold to respondents.

The latter claim that when they purchased the property, appellants informed them that the north line of the property they were buying was indicated by the north edge of the sidewalk lying between the two houses. Respondent Dan Heffron and his brother and a man by the name of Hilts testify that they went to look at the property before the sale

was made, and that appellant Louis Fogel then and there told them that the line ran along the north edge of said sidewalk. This is flatly contradicted by Mr. and Mrs. Fogel, appellants, and their son and daughter. These four persons testified that, prior to the purchase, respondent Dan Heffron came there once with a person other than his brother or Hilts, and once or twice alone, and that appellants showed him where all the lines were and pointed out to him the nails and brass tacks and notches in the sidewalk which indicated the points where the lines reached the street; that they also called his attention to the fact that the boards in the sidewalk along the street were each a foot wide, and that he could readily locate the lines by counting these planks; also, that measurements were made, while he was there, with a tape-line. Respondents dispute this.

The deed from appellants to respondents described this property as "the southerly thirty-two feet of the northerly sixty-six feet of lots 11 and 12, block 3," etc. This is an accurate description of the thirty-two feet lying immediately north of the property theretofore sold to Kaufman, and would leave appellants yet owning thirty-four feet off from the north end of said lots and adjoining the alley aforementioned. Respondents brought this action to reform said deed by having it describe the property conveyed as "the southerly thirty-two feet of the northerly sixty-three feet three inches of lots 11 and 12," etc. It will be seen that the effect of this would be to place the northerly line of respondents' property two feet and nine inches further to the north, where it would follow the northerly edge of said sidewalk. The case was tried before the court without a jury, and a decree and judgment was entered directing the reformation of the deed in accordance with the prayer of respondents' complaint, and awarding damages in the sum of $7. From this an appeal is taken.

Ordinarily, before a court will reform a written instrument upon the ground of mistake, the evidence must be clear

that said instrument does not express the agreement and intention of the parties. In this case, there being three witnesses testifying as to the representations, in favor of the respondents, and four in favor of the appellants, and there being nothing in the record to indicate that respondents' witnesses were any more credible than those of appellants, it could scarcely be said, from this evidence alone, that the description in the deed was erroneous, and that the same should be reformed. Where there is a conflict in the testimony of witnesses as to a material point, the court will naturally look to conceded or undisputed facts and circumstances in the case to see whether or not corrboration may be found for the testimony of either of the conflicting parties, and to determine as to whose evidence is most consistent with the unquestioned facts. By the testimony of appellants and their children which is corroborated by other witnesses outside of the family, it is shown that, prior to these negotiations with respondents, appellants had caused the lines of their property to be ascertained by measurement, and that one of said witnesses had marked the line between Curtis and Kaufman, had marked the north line of Kaufman's property, and the line between appellants' property and that subsequently sold to respondents, and had marked the corners; that, at the point where these division lines reached the sidewalk on G street, a notch had been made at each point of intersection and some nails and brass tacks driven in the sidewalk. That this had been done, of course, was known to appellant Louis Fogel at the time he was negotiating with respondents for the sale of this property. It therefore follows that, if said Fogel told appellants that the line of the property which they were buying followed the north line of said division sidewalk, he must have stated to them something which he knew to be untrue. Then the question might arise, Why would he thus attempt to deceive respondents? Why would he endeavor to sell to them a parcel of land encroaching two feet and nine inches upon the tract which he had reserved

for his home yard, and thereby leave a strip of land two feet and nine inches wide extending between the parcel sold and the land of Kaufman—a strip which would be to him practically valueless? Again, the sidewalk extending from the street to the rear of the two houses furnished access to both of these houses, and it would seem to be a most natural thing that said sidewalk should be built on the line. That appellants should desire to sell the land carrying all of this sidewalk, and thus deprive themselves of the use thereof, scarcely seems reasonable.

The trial court made no finding of fraud, but found that appellants were mistaken as to where the line ran between their property and that sold to respondents, and based its decree upon this theory. But the fact, as before stated, that appellants had caused this property to be surveyed and the corners and division lines to be theretofore marked upon the sidewalk, shows, to our minds, conclusively that they were not mistaken as to where their line was, and we can find no motive for appellants representing the line to be to the north of where it actually was. Where testimony is so absolutely irreconcilable as it is in this case, it is not an easy task for a court to determine what may be the exact truth of the matter. But in a case of this kind, where the reformation of a written instrument is asked, the law places upon the party seeking such modification the burden of establishing his contention by the clear preponderance of the evidence. In view of the contradictory character of the testimony, and of the further fact that, in our opinion, the undisputed facts in the case tend to corroborate the testimony of appellants more than that of respondents, we are led to believe that the honorable trial court was in error in its findings favorable to respondents.

The judgment appealed from is reversed, and the cause remanded with instructions to dismiss the action.

MOUNT, C. J., CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.