[No. 7250.   Decided September 18, 1908.]

## IRA G. PRESTON, *Appellant*, v. HILL-WILSON SHINGLE COMPANY, *Respondent*.[1]

WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED.   In an action to enjoin the removal of timber sold by plaintiff to one M., who sold the same to defendants, brought after the death of M., the plaintiff is incompetent to testify to the transaction between himself and M. upon an issue as to the terms of the contract, under Bal. Code, § 5991, prohibiting testimony by a party in interest as to transactions had with a deceased person.

CONTRACTS— REFORMATION — MISTAKE — EVIDENCE — SUFFICIENCY. Where a written contract for the sale of timber omitted to specify any time for its removal, reformation of the same is warranted where the only evidence as to the agreement of the parties on this point was that of the scrivener who reduced the contract to writing, and he testified that the parties agreed to give ten years for the removal of the timber, but that by mistake he omitted to insert that clause in the writing.

[1]Reported in 97 Pac. 293.

SAME—RELIEF GRANTED—JUDGMENT. Where, in an action to enjoin the removal of timber, defendant establishes his right to have the contract reformed to include a clause, omitted by mistake, giving him ten years in which to remove the same (two years of which has not yet expired) it is error to enter judgment requiring removal of the timber within a reasonable time after notice, as in the case of a contract failing to specify any time; but the contract should be reformed, requiring removal at any time within the period agreed upon.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered September 17, 1907, upon findings in favor of the defendant, after a trial before the court without a jury, in an action for an injunction. Modified.

*Hathaway & Alston*, for appellant.

*H. G. & Dix H. Rowland* (*Bell & Austin*, of counsel), for respondent.

MOUNT, J.—This action was brought by the appellant to enjoin the respondent from cutting and removing timber from appellant's lands. For answer to the complaint, the defendant admitted the ownership of the land in plaintiff, and that it intended to go upon the land and remove the timber therefrom, and also set up three affirmative defenses, to the effect, (1) that on January 19, 1900, the plaintiff, by an agreement in writing, for a consideration of $350 paid to her, sold to one W. J. Morgan all the timber upon said land, except such as might be needed for outbuildings and fences, that defendant subsequently purchased the said timber from said Morgan, and that the time within which the timber should be removed had not expired. (2) In addition to the facts stated above, the answer alleged that the plaintiff had knowledge of the sale and conveyance of said timber to the defendant for more than six years, and had acquiesced therein, and is now estopped from claiming said timber; and (3) that by mutual mistake no time limit was fixed by the written

contract of sale entered into between the plaintiff and Mr. Morgan, but that the agreement was that said Morgan and his assigns should have ten years within which to remove said timber, and that the same was by a mistake omitted from the written contract, and that after the instrument had been executed the scrivener had inserted therein the provision for the removal of the timber within ten years; and defendant prayed that the written contract be reformed to conform to the facts, and that defendant's title to the timber be quieted.

In reply, the plaintiff denied generally all the allegations of new matter contained in the answer. The cause was tried to the court without a jury, and findings were made substantially in accord with the answer. Thereupon a judgment was entered denying injunctive relief to the plaintiff, but adjudging that the defendant was the owner of the timber, except such as may be needed by plaintiff for outbuildings and fences, and that defendant had a lawful right to enter upon and cut and remove timber for a reasonable time after notice to remove the same. The plaintiff appeals from the judgment, and argues three points, which we shall notice in order.

(1) During the trial the defendant called the scrivener as a witness, who testified, that he reduced the contract of sale between the plaintiff and W. J. Morgan to writing, and that the parties agreed upon ten years' time for Morgan to remove the timber; that, when he wrote out the agreement, he forgot to insert that clause, and that the omission was not noticed when the contract was signed and acknowledged by the parties; that, a short time after the contract was signed and after the plaintiff had gone, the attention of the scrivener was called to the omission, and that he then inserted the provision without permission of the plaintiff. It also appeared that Mr. Morgan died some time after the execution of the contract, and before the defendant purchased the interest of his estate in the timber. After the scrivener had so testified, the plaintiff was called as a witness and questioned about the

transaction between himself and the deceased. This testimony was excluded. The witness came clearly within the terms of the statute, Bal. Code, § 5991 (P. C. § 937), and was, therefore, incompetent to testify to any transaction had between him and the deceased. *O'Connor v. Slatter,* 48 Wash. 493, 93 Pac. 1078.

(2) It is argued by the appellant that the evidence does not justify a reformation of the written instrument. The evidence, as we read it, is all one way upon this question, and we think it hardly admits of doubt that the parties to the original contract agreed and intended to limit the time to ten years from January 19, 1900, within which the timber should be removed from the land, and that this clause was omitted by mistake. The court therefore did not err in reforming the instrument accordingly.

(3) The next question argued is that, in an instrument conveying timber when no time is mentioned within which the timber must be removed from the land, the grantee has only reasonable time within which to remove the timber. In view of the holding above, that the instrument in question was properly reformed so as to fix a definite time for the removal of the timber, it is unnecessary to discuss the last question, because with the expiration of the ten-year period the title of the timber not cut reverts to the grantor. *Lehtonen v. Marysville Water & Power Co.,* ante p. 359, 97 Pac. 292.

The judgment is therefore modified so as to authorize the respondent to cut and remove timber from the land in question until January 20, 1910. The appellant to recover costs.

HADLEY, C. J., FULLERTON, ROOT, and RUDKIN, JJ., concur.