[No. 8979.    Department Two.    January 6, 1911.]

NELSON V. CAMPBELL et al., · Respondents, v. GEORGE H. GLAZIER et al., Appellants.[1]

REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EVIDENCE—SUFFICIENCY. While a deed will not be reformed upon the ground of mutual mistake in the description unless the evidence is clear, the courts will take into consideration any and all facts showing the real intention of the parties; and a deed of a lot will be reformed so as to exclude any portion of an abutting street, then in possession of the vendor, the vacation of which was pending, where such was the intent, as shown by the evidence and the fact that the vendor by agreement removed a building from the lot sold across the line onto the disputed property.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered December 9, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to reform a deed. Affirmed.

*Edward V. Lockhart* and *Frank A. Luse*, for appellants.

*Roberts & Udell*, for respondents.

MORRIS, J.—Prior to March 15, 1907, respondents were the owners of lots 6, 7 and 8, block 412, Capitol Hill addition to North Yakima. To the south of lot 8 was a street named West Walnut street, which had not been used as a street since about 1902. Respondents since August 5, 1905, had been in possession of this street, under a deed describing the land originally platted as West Walnut street. They also owned the lots to the south of what was originally West Walnut street. Proceedings had been pending for some time to obtain a vacation of this street, and the vacation ordinance was finally passed on March 4, 1907, taking effect on March 25. On February 19, 1907, the parties hereto entered into an agreement for the sale and purchase of lot 8 and the south

[1]Reported in 112 Pac. 490.

half of lot 7, and on the 15th of March a deed was executed in which the property was described as all of lot 8 and the south half of lot 7, block 412, Capitol Hill addition. Thereafter respondents brought this action, setting forth that, at the time of the sale and purchase, it was understood between the parties that the lands conveyed comprised a tract 75x140, being lot 8 and the south half of lot 7, as shown on the plat, and that it was understood that respondents conveyed, and intended to convey, no portion of the vacated street, and that the deed as written was the mutual mistake of the parties thereto in not so excepting any property south of the south line of lot 8; that appellants claimed title under such deed to a portion of the vacated street; and praying for a reformation of the deed so as to exclude therefrom the vacated street, to quiet title to the same in respondents, and to enjoin appellants from asserting any title thereto. Appellants denied any mistake in the deed, and asserted title thereunder to the vacated street. The issues thus being framed, trial was had, resulting in a decree for respondents as prayed for, and this appeal follows.

It will readily be admitted that the courts will not reform a written instrument conveying title to land, upon the ground of a mutual mistake and error in the description of the premises conveyed, unless the evidence of such error is clear and leaves little or no doubt as to what the real agreement of the parties was; and that the determining fact upon such an issue is what property was actually intended to be conveyed by the one party and acquired by the other. In determining this question, the courts will not only look into the circumstances surrounding and affecting the making of the conveyance, but will take into consideration any and all other facts which throw light upon the real intention of the parties in the making and accepting of the instrument of conveyance. Having these rules in mind, we have carefully examined the record herein, and having done so, we are clear, as was the court below, that it was the intention to confine the area to a

tract 75x140, which would be lot 8 and the south half of lot 7 as platted, and excluding any portion of the vacated street as belonging to or a part of lot 8. Appellants never sought, nor intended to buy, a greater area than 75x140; while respondents were careful in all their transactions to refer to the vacation proceedings then pending, and the effect upon lot 8 as a corner lot, contending if the proceedings to vacate failed, and lot 8 thus became a corner lot in reality as well as upon the plat, it would be worth more money than the price then suggested.

We cannot detail all the evidence, but there is one feature of it that shows, as conclusively as any interpreting fact can show, that it was the intention to reserve and exclude any portion of the street area from the conveyance made. At the time of the conveyance, there was a small barn on lot 8 which respondents desired to retain in case of a sale. To this appellants agreed, and respondents moved the barn onto the disputed tract, just across the south line of the lot, where it has since remained in the possession of, and occupied by, respondents. It seems clear that the barn would not have been, by consent of the parties, so placed unless it was then understood that respondents were moving it onto their own land.

Upon the record we conclude that the judgment of the court below was right, and the same is affirmed.

RUDKIN, C. J., CHADWICK, DUNBAR, and CROW, JJ., concur.