[No. 10452. Department Two. January 29, 1913.]

## GUS SILBON et al., Appellants, v. PACIFIC BREWING & MALTING COMPANY, Respondent.[1]

REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EQUITY—JURISDICTION. Equity has jurisdiction to reform a written lease for mutual mistake, hence parol evidence of mistake is not inadmissible as varying the terms of a written contract.

SAME—EVIDENCE OF MISTAKE—SUFFICIENCY. The uncontradicted evidence of defendant's agent of a completed agreement, which by mistake was not incorporated in the terms of a written lease, as prepared by the plaintiff, is sufficient to authorize a reformation prayed for by defendant, under the rule that the evidence must be clear and convincing, even if the agent was negligent in failing to discover the mistake before executing the lease.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 13, 1912, upon findings in favor of the defendant, after a trial on the merits before the court, in an action on contract. Affirmed.

*George W. Saulsberry*, for appellants.

*Burkey, O'Brien & Burkey*, for respondent.

FULLERTON, J.—The appellants, who were plaintiffs below, brought this action against the respondent to recover the sum of $420, alleged to be due under a certain written lease theretofore entered into between the parties. In the complaint it was alleged that the lease in question was entered into on March 15, 1911, and by its terms the appellants leased to the respondent certain premises owned by them, situated in the city of Tacoma, for a term of two years

[1]Reported in 129 Pac. 581.

from and after April 1, 1911, at a monthly rental of $160 per month, payable in advance on the first day of each and every month during the term of the lease; the lease being further conditioned for the payment of one hundred dollars as attorney's fees should the lessors or their agents institute proceedings in court to recover rents due thereunder. It was further alleged that the respondent entered into the possession of the property on April 1, 1911, and continued in possession thereafter under the lease, but failed and refused to pay rental for the first two months of the tenancy.

The respondent, in its answer, admitted the execution of the lease, but pleaded affirmatively that the same, by reason of a mutual mistake of the parties, did not express the actual agreement entered into between them, and asked that the lease be reformed so as to conform to such agreement; setting forth wherein the written lease did not conform to the lease actually entered into, and showing that, under the lease as actually entered into, there was nothing due to the appellants for the two months for which the appellants sought to recover.

A reply to the answer was filed and a trial entered upon, wherein the respondent, over the objection of the appellants, was allowed to introduce evidence substantiating the allegations of its answer. At the conclusion of the trial, the court made findings in favor of the respondent, and entered judgment reforming the lease and denying to the appellants the right to recover.

The appellants first assign that the court erred in permitting the introduction of evidence tending to show a mutual mistake in the execution of the lease, contending that to do so was to permit the terms of a written instrument to be varied by a contemporaneous parol agreement. But it is among the acknowledged powers of the courts to reform written instruments under circumstances such as were shown here. Where there has been an agreement actually entered into which the parties have attempted to put in writing, but

have failed because of a mistake either of themselves or of the scrivener, the courts having jurisdiction in matter of equitable cognizance have power to reform the instrument in such manner as to make it express the true agreement; and this in any action or proceeding where a party to the agreement seeks to take advantage of the mistake. True, the evidence that there was such a mistake must be clear and convincing before the jurisdiction will be exercised, a mere preponderance of the evidence not being sufficient; but there is no question, in this jurisdiction at least, that the power to reform the instrument exists. *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210; *Preston v. Hill-Wilson Shingle Co.*, 50 Wash. 377, 97 Pac. 293; *Campbell v. Glazier*, 61 Wash. 520, 112 Pac. 490; *Rosenbaum v. Evans*, 63 Wash. 506, 115 Pac. 1054.

It is next contended that the evidence is insufficient to justify the judgment entered by the trial court, but on this question also we think the record is without error. The respondent's agent, who made the contract on behalf of the respondent, testified to a completed agreement prior to the preparation of the writing, and showed wherein the writing, which was prepared by the respondent, failed to express the agreement. There was no contradiction of his testimony on the main question, although there was evidence tending to show that the agent, when the written instrument was presented to him for execution, may have been somewhat negligent in failing to discover that it did not express the true agreement. But this alone is not sufficient to estop the respondent from having the instrument reformed.

The judgment is affirmed.

Mount, Main, Morris, and Ellis, JJ., concur.