[No. 11183.  Department One.  August 16, 1913.]

BRIDGET CODD, *as Executrix etc., Appellant*, v.
JOSHUA B. LANGLEY *et al., Respondents.*[1]

REFORMATION OF INSTRUMENTS—RIGHT TO.  Written instruments
may be reformed to express the actual oral agreement and intention
of the parties.

SAME—EVIDENCE—SUFFICIENCY.  Mistake, as ground for the refor-
mation of written instruments, must be established by the clear
preponderance of the evidence.

SAME—DEFENSES—ACQUIESCENCE.  Where the right to reforma-
tion was claimed as soon as enforcement of the contracts was
sought, and there was no injury by the delay, there was no acquies-
cence.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered November 2, 1912, upon findings
in favor of the defendants, in an action on contract, tried to
the court.  Affirmed.

*Codd, Hutchinson & Codd,* for appellant.

*Davies & Cornell,* for respondents.

PER CURIAM.—This is a suit upon written instruments
precise and definite in all their terms.  The defendants plead-
ed facts which, if proven, entitled them to a reformation of
these instruments, so as to express the antecedent oral agree-
ment.  The court found all the issues in favor of the defend-
ants.

It is well settled that reformation may be had to make
written instruments express the actual oral agreement and
intention of the parties.  *Snell v. Insurance Co.*, 98 U. S. 85.
Keeping in mind the rule that the right to reform a written
instrument upon the ground of mistake must be established
by the clear preponderance of the evidence (*Heffron v. Fogel*,
40 Wash. 698, 82 Pac. 1003), we are not prepared to say,

[1]Reported in 134 Pac. 467.

after a careful reading of the record, that the case was not correctly decided.

The appellant was not injured by the delay in asserting the right to a reformation. It was claimed at least as soon as the contracts were sought to be enforced, hence there was no acquiescence.

The decree is affirmed.