[No. 23141. Department Two. July 8, 1931.]

J. G. ROBINSON LETTUCE FARMS, *Appellant*, v.
ARTHUR E. SYMONS *et al., Respondents.*[1]

*S. M. Bruce* and *R. W. Greene,* for appellant.
*Shank, Belt, Fairbrook & Rode,* for respondents.

BEALS, J.—This is an equitable action, instituted by plaintiff for the purpose of procuring a decree reforming a deed whereby plaintiff conveyed to defendants a tract of farm land in Snohomish county. Plaintiff alleged in its complaint its ownership of the land and its agreement to sell the same to defendants; further alleging that, as part of the contract between the parties, it was agreed that defendants would subdivide the land and offer the same for sale in small tracts suitable for growing lettuce and similar green truck, and that plaintiff should have the right to ship and market the produce grown on the tracts included in the subdivision. Plaintiff alleged that the agreement to subdivide and sell, and the establishment of plaintiff's shipping rights, constituted the principal inducement and consideration for the conveyance to defendants, but that, when the deed was prepared and executed by plaintiff, by mutual mistake and oversight, the agreement for

[1]Reported in 1 P. (2d) 300.

subdividing the land and the provision for plaintiff's shipping rights were omitted. Defendants answered, denying the material allegations of the complaint, and a trial of the action to the court resulted in a decree dismissing the action, from which plaintiff appeals.

Appellant contends that, under the evidence, the court should have entered a decree in its favor, reforming the deed by including therein an obligation on the part of defendants to subdivide and sell the land, and a further provision to the effect that appellant have the right to ship the produce of the property.

Appellant contends that the evidence brings this case within the rule laid down by this court in *Hendrickson v. Lyons*, 121 Wash. 632, 209 Pac. 1095; *Hazard v. Warner*, 122 Wash. 687, 211 Pac. 732, 31 A. L. R. 381; and *Woods v. Desmond*, 156 Wash. 359, 286 Pac. 856. The cases cited lay down the correct principle of law, the question to be here determined being whether or not the evidence introduced on behalf of appellant brings this case within the rule.

In the case of *Johnston v. Mortensen*, 155 Wash. 547, 285 Pac. 438, this court referred to the well established rule that evidence calling for the reformation of a deed must be "clear, cogent and convincing." This principle is well settled, many authorities being referred to in 53 C. J., p. 1030, under the title "Reformation of Instruments," § 199.

Appellant contends that this court, in the case of *Edwards v. Thompson*, 99 Wash. 188, 169 Pac. 327, held that reformation should be decreed if called for by a clear preponderance of the evidence. In the case cited, the court states that the decision was "supported by a vast preponderance of the evidence," and we do not consider that by this decision the well-established rule above referred to was modified.

In the case at bar, the evidence is, to a great extent,

in conflict. It is evident that questions concerning the matters which form the basis of appellant's contention were discussed between the parties prior to the closing of the deal between them by the execution and delivery of the deed. We have read the transcript of the testimony, having disregarded the abstract prepared therefrom by appellant, and agree with the trial court in its holding that appellant failed to present evidence which entitles it to the relief asked for. To discuss the evidence adequately would extend this opinion to a considerable length, and be entirely unprofitable.

The judgment appealed from is affirmed.

TOLMAN, C. J., BEELER, and PARKER, JJ., concur.