[No. 23241. *En Banc.* March 16, 1932.]

T. H. VANASSE *et al., Respondents,* v. CHARLES CAVEY *et al., Appellants.*[1]

*W. D. Lambuth (Roberts, Skeel & Holman,* on oral argument in this court), for appellants.

*Guie & Guie,* for respondents.

BEALS, J.—This is an equitable action instituted for the purpose of obtaining a decree reforming a note for $5,500, executed by plaintiffs in favor of defendant Charles Cavey, plaintiffs also asking for reformation

[1]Reported in 9 P. (2d) 60.

of a real estate mortgage, executed by them in Mr. Cavey's favor, securing payment of the note above referred to.

In their complaint, plaintiffs alleged that the note and mortgage were executed by them as part of the purchase price of real estate purchased from defendants, the mortgage being junior to a mortgage in the sum of $35,000, payable to Puget Sound Savings & Loan Association. Plaintiffs further alleged that, at the time of the execution of the $5,500 note and mortgage, it was the intention of the parties that defendants, in enforcing payment of the note and in foreclosing the mortgage, should be limited to the real property covered by the latter, that defendants should have no right to any deficiency judgment against plaintiffs, and that appropriate language carrying this agreement into effect should have been included both in the note and in the mortgage.

Plaintiffs also alleged that in the printed forms which were used in preparing the note and mortgage were contained clauses whereby the persons executing the same expressly consented to the entry of a deficiency judgment in case of any suit on the note and foreclosure of the mortgage; and that, upon plaintiffs' objection to these clauses, the same, prior to the execution of the note and mortgage, were stricken from the printed forms; and that plaintiffs were then advised that the striking of these words was sufficient in law to relieve plaintiffs from liability to any deficiency judgment; and that, believing these representations to be true and relying thereon, plaintiffs, through mistake, executed the note and mortgage without requiring the writing therein of clauses relieving plaintiffs from any obligation by way of a possible deficiency judgment in case of suit.

. Plaintiffs, after alleging that defendants were threatening to institute suit against them on the note and collect the proceeds thereof from property belonging to plaintiffs other than that covered by the mortgage, prayed that the note and mortgage be reformed by adding thereto appropriate language limiting plaintiffs' liability thereon to the property covered by the mortgage.

Defendants filed their answer, denying the material allegations of plaintiffs' complaint. Upon the trial, the court ruled in plaintiffs' favor, entering appropriate findings of fact and conclusions of law, followed by a decree reforming the note and mortgage, from which decree defendants appeal.

 Section 1119, Rem. Comp. Stat., reads as follows:

"When there is an express agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct in the decree of foreclosure [or order of sale] that the balance due on the mortgage, and costs, which remain unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgage debtor."

Under the foregoing section of the statute and under general laws applicable to the situation here presented, the maker of a promissory note, in the situation of plaintiffs in this action, is liable upon the note, irrespective of the mortgaged property, and for any deficiency remaining unpaid after the application to the judgment of the proceeds of the sale thereof. The mere striking from the printed forms used in preparing the note and mortgage of the clauses affirmatively providing for a deficiency judgment is, of itself, insufficient to entitle respondents to a decree, such as they ask here, reforming the note and mortgage, and

is therefore, of itself alone, ineffective to relieve respondents from the obligation imposed upon them by law.

While in proper cases and upon evidence which meets the requirements laid down by the authorities, the court will reform written instruments so as to make them correspond with the actual intent and agreement of the parties, it has been repeatedly held by this court that there rests upon a party seeking reformation of a written instrument the burden of establishing, by the clear preponderance of the evidence, the truth of his contention. *Heffron v. Fogel,* 40 Wash. 698, 82 Pac. 1003; *Clutter v. Strange,* 41 Wash. 86, 82 Pac. 1028; *Erickson v. Poole,* 126 Wash. 130, 217 Pac. 715; *Puget Sound Bridge & Dredging Co. v. Jahn,* 148 Wash. 37, 268 Pac. 169; *Fernandez v. Agor,* 162 Wash. 475, 298 Pac. 417; *Robinson Lettuce Farms v. Symons,* 163 Wash. 351, 1 P. (2d) 300.

The note and mortgage sought to be reformed are before us, and consist of printed forms prepared for the savings and loan association above mentioned, filled in on a typewriter. In each form the name of the association as payee and mortgagee, respectively, is X-ed out, and the name of appellant Charles Cavey inserted. In each of the printed forms the clause providing for a deficiency judgment is also X-ed out. The mortgage for $35,000 was executed by plaintiffs, two days prior to the execution of the note and mortgage which are the subject matter of this litigation, in favor of the savings and loan association, for which corporation the forms used in preparing the note and mortgage now before us were printed. This suggests the manner in which these printed forms came into the possession of the parties.

The testimony as to the preparation of the note and mortgage is in decided conflict. Respondents, sworn

as witnesses on their own behalf, testified that the note and mortgage were prepared in the office of W. D. Lambuth, appellants' attorney, the circumstances being narrated with a wealth of detail evidently intended to carry conviction of the truth of the story. The use by the attorney of the forms prepared for the savings and loan association is not explained.

Respondents' testimony is denied by appellants' witnesses, and the attorney who was at that time representing appellants, who was sworn as a witness on their behalf, testified positively that he did not prepare the note and mortgage, that he never saw the same until long after their execution, and that respondent Lola M. Vanasse was never in his office. The witness stated that he had had the same typewriter in his office for several years, and called attention to the pleadings in the action which he had prepared as showing that the form of the type of his machine was altogether different from that of the typewriter used in filling out the instruments here sought to be reformed. Appellants' attorney also testified that he was, on the date of the execution of the mortgage, a notary public, and that, had the mortgage been prepared in his office, he probably would have taken and certified respondents' acknowledgment thereof, which he did not do. Testifying in rebuttal, Mr. Vanasse stated that there were in the attorney's office two typewriters, which statement the attorney denied.

In testing the truth of respondents' story, all matters in connection therewith should be considered, and strict attention given to the probabilities of its verity. It must also be remembered that respondents must recover, if at all, upon the strength of their own case; not upon the weakness of that of their opponents.

Respondent Lola M. Vanasse was called in rebuttal, and was again interrogated as to the circumstances

under which the note and mortgage were prepared. She once more testified, as in her direct examination, that the documents were typed by Mr. Lambuth, appellants' counsel, personally, in his office and in her presence, but when she was asked concerning the office where the same were prepared, she was unable to describe it to even the least extent, and remembered nothing except the particular circumstances in which she was vitally interested.

It is, of course, true that the striking out of the words providing for a deficiency judgment is some evidence that the parties intended that, in any suit on the note and foreclosure of the mortgage, no such judgment should be entered. We are, however, clearly of the opinion that respondents did not correctly narrate the circumstances surrounding the preparation of the note and mortgage. This was a most material matter in connection with the controversy, and, we being satisfied that respondents' testimony in this regard is untrue, it follows that it cannot be held that respondents have borne the burden which the law imposes upon them to produce testimony in support of their contention which is clear, cogent and convincing.

In deciding the case, the trial court said:

"I think in this case that someone certainly has been mistaken, forgotten a whole lot, or deliberately committed perjury.

"I want to eliminate all the testimony on both sides and look at the instruments; these clearly show the intention of the parties, which I think was clearly that there should not have been a deficiency judgment; that is my opinion and belief.

"Where you cannot reconcile the testimony on either side, the instrument itself must be looked to for the court to arrive at its decision in the matter. The instruments in this case clearly indicate, in my mind, that there was not to be a deficiency judgment. How

it got there, who put it there, I don't know; somebody is mistaken about that.

"I will have to grant the relief prayed for by the plaintiff, under those circumstances."

It therefore appears that the trial court disregarded the testimony, and based its ruling upon the mere fact that the clauses above referred to were stricken out of the printed forms used in preparing the note and mortgage. This deprives the judgment of the trial court of the weight usually accorded to a decision made by the trier of the facts upon conflicting evidence. This court is as well able as was the trial court to pass upon the weight to be given to the fact that the clauses in the note and mortgage providing for a deficiency judgment were stricken out.

Upon the record before us, respondents are not entitled to the affirmative relief which they seek.

The judgment appealed from is reversed, with instructions to dismiss the action.

Tolman, C. J., Parker, Herman, Mitchell, Beeler, and Main, JJ., concur.

Holcomb, J. (dissenting)—The trial judge had all the witnesses who testified orally before him, and was able to judge of their credibility. To my mind, the testimony was clear and convincing that the mortgage and note were intended to read as the trial court decided. The insignificant circumstance that Mrs. Vanasse, probably a rather unobservant woman and uninterested in office furnishings, could not describe the office and its furniture in which the transaction took place, under oath, is emphasized by the majority to discredit her testimony as to the main facts and reverse the finding of the trial judge, who saw and heard her. As to the testimony of appellants, the trial judge

disbelieved it, but charitably observed that possibly they had forgotten a lot, or were mistaken.

The obvious intent of the parties was to so draft both the note and the mortgage as to limit liability to the mortgaged property, which is for the sole purpose of avoiding the statutory, or the same common-law liability, which is permissible as to either such liability.

The judgment should be affirmed. I therefore dissent.

MILLARD, J., concurs with HOLCOMB, J.