[No. 6978. Decided February 24, 1908.]

## M. W. HAPEMAN et al., Appellants, v. THOMAS D. McNEAL et al., Respondents.[1]

REFORMATION OF INSTRUMENTS — MISTAKE IN DEED — EVIDENCE. Reformation of a deed upon the ground of a mistake in the description, which is denied by the opposite party, will not be granted where the evidence is not clear and convincing or the mistake is not established beyond a reasonable doubt.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered May 21, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to reform a deed. Affirmed.

*Million, Houser & Shrauger*, for appellants.

*Smith & Brawley*, for respondents.

MOUNT, J.—This action was brought by the appellants to reform a description in a deed for a tract of land owned by appellants in the town of Mount Vernon. After issues were made up, a trial was had, and the court found that there was no mistake in the deed, and dismissed the action. The plaintiffs appeal.

The tract of land in question is about midway between Myrtle street to the north and Kincaid street to the south. It fronts on Second street on the west. Kincaid street runs east and west. Second street runs northward twenty degrees east. Myrtle street extends eastward from Second street seventy

[1]Reported in 93 Pac. 1076.

degrees south. So that Kincaid and Myrtle streets are not parallel with each other, but converge toward the east. The line on the north of the parcel of land in question is concededly parallel with Kincaid street. It runs east and west. The line on the south is the one in dispute. The deed describes this line as parallel with Kincaid street, while appellant M. W. Hapeman contends that it was his intention, and the intention of the grantor, that this line should be parallel with Myrtle street so that his lot, instead of being fifty feet wide at each end, should be fifty feet wide in front and seventy-three feet wide in the rear or east end.

There is some evidence to the effect that a fence was built upon the south line of the lot by the grantor soon after the deed was executed, and that this fence, if on the line intended, places the south line of appellant's lot as contended for by him. But the evidence also shows that, at about the time the deed was drawn, the appellant and his grantor and two other persons, for the purpose of describing the lot, measured the front line of the lot on Second street fifty feet; that they also measured the north line and the east line; that the line on the east, which line runs due north and south, was measured the same length as the west line, viz., fifty feet. This shows, of course, that the lot was a strip of land fifty feet in width, and that the lines on the north and south were intended to be parallel as they are described in the deed. It is true that the south line as described in the deed runs through one corner of the building located upon the lot, and the grantor testified that he intended to sell to the appellant sufficient land to clear the building, and, if the land described in the deed does not do so, that there was a mistake. But this mistake, of course, was not in the description of the land actually sold and conveyed by the deed, but was a mistake in the quantity of land sold and purchased. From a consideration of all the evidence in the case we are not free from doubt that the deed incorrectly describes the lines intended at the time of its execution.

"The authorities all require that the parol evidence of the mistake and of the alleged modification must be clear and convincing,—in the language of some judges, 'the strongest possible,'—or else the mistake must be admitted by the opposite party; the resulting proof must be established beyond a reasonable doubt.   Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a *mere* preponderance of evidence, but only upon a certainty of the error."  2 Pomeroy, Equity Jurisprudence (3d ed.), § 859.

The evidence is not, in our opinion, sufficient to warrant a reversal of the case.   The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.