[No. 10117.  Department Two.  June 6, 1912.]

ANDREW BRUCE et al., *Appellants*, v. GRAYS HARBOR DRUG COMPANY, *Respondent*.[1]

REFORMATION OF INSTRUMENTS—EVIDENCE—BURDEN AND WEIGHT. Before a lease can be reformed for mutual mistake, the evidence must be clear and convincing that the writing is not what the parties intended it to be, and that the mistake was mutual.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered June 5, 1911, dismissing an action for reformation, after a trial on the merits to the court.  Affirmed.

*C. W. Hodgdon*, for appellants.

*William E. Campbell*, for respondent.

MOUNT, J.—The plaintiffs brought this action to reform a written lease.  It appears that the plaintiffs, in January, 1906, leased certain premises to defendant for the term of five years, at a monthly rental of $80.  The lease was written and contained a clause as follows:

"It is further agreed that at the expiration of this lease the said party of the second part shall have the option of renewing the same for the further period of five years."

This written lease was duly acknowledged and recorded, and has remained in the possession of the plaintiffs.  The action is brought to reform this lease so that a different rental may be charged.  The defendant denied the allegations of mutual mistake, and the cause was tried to the court upon this issue.  No findings of fact were made by the trial court, but the court was evidently of the opinion that the evidence was insufficient to warrant a reformation of the lease, and therefore the action was dismissed.  The plaintiffs have appealed.

[1]Reported in 123 Pac. 1075.

The only question presented here is one of fact. The evidence offered by the plaintiffs tended to show that they refused to lease the premises for ten years at the rate of $80 per month, but consented to such lease for the period of five years only, at that rate. It is conceded that the lease was made, and also that it was executed in pursuance of a previous written contract which provided for a lease of the premises "for a term of five years with privilege of renewal for another term of five years," and the lease after it was prepared was read over by the plaintiffs before it was executed, and it is conceded that they retained the original in their possession for several years after it was recorded. The rule is that, before a written instrument will be reformed, the evidence must be clear and convincing that the writing is not what the parties intended it to be, and that the mistake was mutual. *Hapeman v. McNeal*, 48 Wash. 527, 93 Pac. 1076. We have read the record in this case carefully, and are satisfied that the evidence is not sufficiently clear and convincing to justify the finding that the written lease does not contain the true contract between the parties.

The judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.