[No. 12888.   Department Two.   December 15, 1915.]

A. L. ANDERSON et al., Respondents, v. J. E. FREEMAN, Appellant.[1]

REFORMATION OF INSTRUMENTS — MUTUAL MISTAKE — INTENTION— EVIDENCE—SUFFICIENCY.  The reformation of a lease for mutual mistake is error, where there was no fraud and no clear and convincing evidence of the mutual mistake and of an intention on the part of both parties that the clause authorizing the termination of the lease was to run through the term, as claimed by plaintiffs, contrary to the plain language of the lease; there being at most only a conflict in the testimony as to the intention, and the plaintiffs having read over, signed and acknowledged the instrument, which corroborates the defendant.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 11, 1915, upon findings in favor of the plaintiffs, in an action to reform a lease, tried to the court.  Reversed.

*Will H. Fouts*, for appellant.

*J. W. Brooks*, for respondents.

BAUSMAN, J.—This is an action to reform a lease, not by putting into it something that was left out, but by changing in a most material place language that was in it when it was signed by both parties.  In the lease as signed, the landlord had a right to terminate it on thirty days' notice, should he sell the premises before the tenant had "done any plowing;" but if the sale should not be until after this plowing, the ten-

[1]Reported in 153 Pac. 307.

ant could remain "during the term of his lease." These last words plaintiffs sought to change. They should have read, it is alleged, that the quitting should be "at the end of that crop year." The lease was to run six years, and this action was begun in the latter half of the first.

While it is not alleged that there has yet been a sale, plaintiffs seek reformation of the lease, alleging that the words they object to got into it by mutual mistake. The lower court caused the language to be altered accordingly.

Loath as we have ever shown ourselves to be toward disturbing findings of fact, we are compelled to set aside the findings here. Those who seek to reform an instrument on account of mutual mistake must do so by language clear and convincing, besides showing that the written words contain the real intention of neither of the parties. *Moore v. Parker*, 83 Wash. 399, 145 Pac. 440. Where there is no fraud and one party believes that he is getting by the document what he for his part intended to get, the thing cannot be undone by the other.

As for the tenant's intention, the evidence here does not leave in our minds a doubt; for not only does he swear to that intention, but his wife corroborates him, and he has a contemporary writing speaking as loudly as himself. This last is a printed form proposed by himself, and taken to the landlord. The latter preferred to lay it before his lawyer, who, though he now testifies that it did not express the true intention, actually followed in typewriting the contested language prepared by the tenant on the printed form.

If there was a mistake here at all, to our mind it certainly was not mutual. Not only was the lease finally drafted by the landlord's attorney, but by the testimony of the landlord and wife, each of them read it before they signed. Then they acknowledged it before a notary. This surely corroborates the tenant that the paper did then speak the actual intent of all. The mere fact that they now say they wanted

something else can at most be said to raise a mere conflict of testimony, and not to furnish a clear, convincing proof. To what purpose are writings, and signatures, and witnesses, and notarial acknowledgments, if a document signed by two parties could thus be annulled on the whim of one?

We find nothing in the previous decisions of this court which would permit us to decree a reformation under testimony like this.

The judgment is reversed.

Morris, C. J., Main, Parker, and Holcomb, JJ., concur.