[No. 17120.　Department One.　October 20, 1922.]

## F. D. HENDRICKSON et al., Respondents, v. LETTIE LYONS et al., Appellants.[1]

REFORMATION OF INSTRUMENTS (5)—EQUITY (5)—GROUNDS— MISTAKE OF LAW. Equity will relieve from a mistake, whether of law or fact, where an unconditional deed was given to carry into execution a previous agreement to sell the land and reserve the timber thereon.

LIMITATION OF ACTIONS (10)—LOGS AND LOGGING (1)—RECOVERY OF TIMBER—TIME FOR REMOVAL. An action to quiet title to timber on land sold, reserving the timber, is not barred within seven years from the date of the deed, under the seven year statute of limitations for the recovery of an interest in lands held in adverse possession; since the grantors had a reasonable length of time within which to remove the timber.

LOGS AND LOGGING (1)—TIMBER—RESERVATION—TIME FOR REMOVAL. While an unlimited time for the removal of reserved timber must be clearly and definitely expressed, in the absence of contract the grantor has a reasonable time, depending on the circumstances of each case; and where nothing is shown but lapse of time, the court can not say that the lapse of eight years is more than a reasonable time.

[1]Reported in 209 Pac. 1095.

ALTERATION OF INSTRUMENTS (7)—PERSONS MAKING ALTERATION AND INTENT—RIGHT OF PARTIES. A right to remove timber, reserved by the grantors on the sale of land, is not lost by an alteration of the recorded agreement reserving the right, due to ignorance and ill-timed advice, resulting in a re-execution and recording the instrument which in no way affected or misled any one.

QUIETING TITLE (16)—ACTIONS—CONDITION PRECEDENT—REPAYMENT OF TAXES—DECREE. The failure of the court, in quieting title to timber, to require repayment of taxes, is not ground for reversal where it was not made an issue or called to the attention of the trial court.

COSTS (65)—ON APPEAL—MODIFICATION OF JUDGMENT. A modification of a decree, quieting title, to correct an error in the description, which was purely an oversight not called to the attention of the trial court, will not entitle the appellant to costs of the appeal.

Appeal from a judgment of the superior court for Clarke county, Kirby, J., entered August 25, 1921, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court. Reversed.

*F. W. Tempes,* for appellants.

*R. C. Sugg,* for respondents.

FULLERTON, J.—In December, 1909, the respondents, Hendrickson, contracted to sell to one Bessie B. Utter a twenty-acre tract of land situated in Clarke county, saving to themselves the timber standing on the land (except a small described tract), and a right of way over which to remove the timber. After agreeing upon the contract, the parties went to a notary public, stated their agreement to him, and requested him to prepare the necessary legal instruments to carry the agreement into execution. The notary informed them that it would be necessary to execute a written agreement expressing the agreement of sale and a warranty deed to the property from the Hendricksons to Mrs. Utter. Instruments were prepared by the notary in accordance with his ideas—the contract being in form an

agreement to convey the property with the stated reservations, and the deed an absolute conveyance without reservations of any kind and without reference to the contract. The deed was properly executed, but Mrs. Utter alone signed the contract.

The respondents shortly thereafter caused the contracts to be recorded. Later on, presumably when the respondent F. D. Hendrickson called for the instruments at the auditor's office after they had been recorded, the auditor informed him that the contract had been executed by the wrong party; that he and his wife should have executed it instead of Mrs. Utter. The respondent thereupon took the contract to his home, erased the name of Mrs. Utter, signed it himself and caused his wife to sign it, and returned it to the auditor to be again recorded.

On October 31, 1913, Mrs. Utter, her husband joining in the conveyance, conveyed the land by warranty deed to the appellant Lettie Lyons. The deed was absolute on its face, containing no reference to the reservation of the timber or the right of way over which to remove it. The appellant, however, was not a purchaser without notice. At the time of the negotiations leading up to the purchase, she was informed that the respondents owned the timber, and the consideration for the purchase was fixed with that understanding.

Sometime in 1917, the appellant Lyons made claim to the timber, and in the following January (1918) the respondents began the present action to quiet their title to the timber. Issue was taken on their complaint, and a trial had which resulted in a decree confirming title in the respondents to the timber on the entire tract.

While a number of assignments of error have been made, they can be reduced to certain principal contentions, and these we will notice in their order.

The first of the contentions is that the facts shown do not justify a reformation of the instruments passing from the respondents to Mrs. Utter on the ground of mistake. It is argued that equity grants relief for mistake of fact and not mistake of law, and that here there was no mistake of fact because the parties executed the very form of instrument they intended to execute, and if mistake was made at all, it was as to the legal effect of the instruments.

It is undoubtedly a general rule that equity will not grant relief against mistakes of law, but the rule, like many others, has its exceptions, and we are clear that the case here is within an exception. As was said by the supreme court of the United States in *Hunt v. Rousmaniere*, 1 Pet. (U. S.) 1:

"When an instrument is drawn and executed, which professes, or is intended, to carry into execution an agreement, whether in writing or by parol, previously entered into; but which, by mistake of the draftsman, either as to fact or law, does not fulfill, or which violates, the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement."

In *Oliver v. Mutual Commercial Marine Ins. Co.*, 2 Curt. (U. S.) 298, it was said:

"There is a wide distinction between a case where an instrument is what the parties agreed it should be, but its legal effect is unexpected, and a case where an instrument was designed to carry into effect an existing binding agreement, but, by mistake, fails to do so. In the former case, the party never had a right to anything more than he has got; he may be disappointed in finding that what he acquired was less valuable than he expected, but he acquired all he bargained for, and there is no ground upon which a court of equity can give him anything more. On the contrary, in the latter case, the party had a complete right, by an existing contract, to something which, by mistake, he has

failed to get; and this contract, and the right under it, still subsists, in point of equity; because, though the parties attempted to execute the contract, by mistake, they failed to execute it; and therefore, a court of equity interposes and, upon the footing of an existing contract, unexecuted, proceeds to put the party in that condition to which his contract entitles him. And in this class of cases, I apprehend, it is wholly immaterial, whether the party failed to obtain that to which he was entitled, through a mistake of fact or of law.''

Later cases from the supreme court of the United States maintain the same doctrine (see *Walden v. Skinner*, 101 U. S. 577), and our own cases of *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210; *State v. Lorenz*, 22 Wash. 289, 60 Pac. 644, and *Murray v. Sanderson*, 62 Wash. 477, 114 Pac. 424, are to the same effect, although the precise question suggested was not discussed in the opinions. Indeed, it seems to be the almost universal current of authority that mistakes of this sort will be relieved from in equity, whether they be strictly mistakes of law or mistakes mixed of law and fact.

The second contention is that the action is barred by the statute of limitations. On this branch of the case the appellant argues as follows:

''The property in question for which this action has been brought has not been in possession of plaintiffs either actually or constructively since the sale made to Bessie B. Utter. The plaintiffs and respondents have brought action to quiet title, and appellant contends that in this case said action should have been commenced within seven years from the date of said sale to Bessie B. Utter.''

The case of *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141, is cited and quoted from in support of the contention. But the case, it seems to us, has little bearing

upon the question. That was an action, it is true, having as one of its purposes to quiet title to real property, but it was founded upon a statute requiring special conditions for its maintenance, and the language quoted was used with reference to these special features. The rights of the respondents in the present case depend upon a different consideration. The respondents, being the owners of certain land on which there was standing timber, sold the land, reserving to themselves the timber, but fixed no time within which the timber might be removed. Their right, therefore, was to remove the timber within a reasonable time, and that the real question is, have they by their delay lost the right. *Liston v. Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W. 27.

Parties may so frame their contract as to give the purchaser of timber an unlimited time for its removal; but if this be the intention, it must be clearly and definitely expressed. Such a conveyance has the effect of practically ousting the owner of the soil from its use and enjoyment, and the law will not presume this to be the intent of the parties, unless the contract of sale clearly requires such a conclusion. *Carson v. Three States Lumber Co.,* 108 Tenn. 681, 69 S. W. 320; *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645; *Healy v. Everett & Cherry Valley Tr. Co.,* 78 Wash. 628, 139 Pac. 609; *France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361, Ann. Cas. 1916A 238.

Passing to the question indicated, we cannot think enough is here shown to require the holding that the right to remove the timber has been lost. What will constitute a reasonable time is usually a mixed question of law and fact, and no fixed rule can be laid down for its determination. It is dependent upon the facts and circumstances of the particular case; such

as the location of the land and the timber, the obstacles opposing, and the facilities favoring, its removal, and perhaps the kind, quality and character of the timber. Here, nothing is shown except lapse of time, and the court cannot say that this has been so long as to require the holding that the delay has been unreasonable.

The third contention is that the respondents have lost their rights because of the alteration of the first of the writings prepared by the notary. But this alteration in no way affected the rights of the parties or misled any one as to their rights. It was done through ignorance, pursuant to ill-timed and ill-considered advice, and in an honest effort to make the instrument expressive of the intent of the parties. Under such circumstances it would be a harsh rule to hold that the act worked a forfeiture of the respondents' interests.

It was provided in the contract that the respondents should pay the taxes assessed on the timber so long as it was permitted to remain upon the property. These taxes were paid by the respondents, except for one year, when they were paid by the appellant because of some mistake made by the assessor. The appellant contends that it was error on the part of the court to enter a decree quieting title to the timber in the respondents without requiring the repayment of the taxes. But the matter was not made an issue in the pleadings. It appeared incidentally in the evidence, and the court was at no time requested to require the prepayment as a condition precedent to a recovery on the part of the respondents. Conceding, therefore, that there was a right of recovery, no cause for complaint exists because it was not embodied in the decree.

There was, however, an error in the decree in that it failed to exempt a small quantity of timber not

reserved in the contract of sale. For this reason it requires reversal for modification, but as this seems to have been purely an oversight in the framing of the decree, not called to the attention of the judge by the appellant at the time the decree was signed, our order of reversal will not carry costs in favor of the appellant.

The decree is reversed with instructions to so modify it as to exempt from its operation the timber not reserved at the time of the sale of the land. Neither party will recover costs.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.