[No. 17742. *En Banc.* August 22, 1923.]

CHARLES E. ERICKSON *et al., Respondents,* v. NINA L. POOLE, *Appellant.*[1]

VENDOR AND PURCHASER (30, 36)—CONSTRUCTION OF CONTRACT—PAYMENTS—INTEREST. A contract for the purchase of land requiring the payment of interest on deferred payments according to the "foregoing installments," which amounted to $21,300 of a total purchase price of $35,000, does not call for the payment of interest on the balance, covered by another contract prior to the time when it was to be assumed on the completion of the deferred payments; especially where the contract further provided that, on completion of the deferred payments before maturity, the other party was to "take care of" the interest to become due on the other contract.

SAME (41)—EVIDENCE TO AID CONSTRUCTION—CONSTRUCTION BY PARTIES. The parties to an agreement will not be considered as construing a contract for the payment of interest to extend to a matter in dispute from the fact that a payment of such interest was made, where it appears to have been made by mistake.

REFORMATION OF INSTRUMENTS (20)—EVIDENCE—SUFFICIENCY. A written contract for the purchase of land will not be reformed for mistake where the evidence is not clear and convincing that the mistake was mutual.

HOLCOMB and PEMBERTON, JJ., dissenting.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered June 26, 1922,

[1]Reported in 217 Pac. 715.

upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Grady, Shumate & Velikanje,* for appellant.

*McAulay & Meigs* and *Thos. H. Wilson,* for respondents.

Bridges, J.—The controversy here is about some interest payments growing out of a contract for the sale of real estate. Nichols and wife were the owners of the real estate, and they and the appellant entered into a written contract for the purchase of the property by the latter, upon certain terms and conditions. The last of the payments which appellant was to make to Nichols and wife were as follows: January 1, 1923, $2,000; January 1, 1924, $2,500; January 1, 1925, $2,-200; and January 1, 1930, $7,000, aggregating $13,700. All of these payments were to draw interest at the rate of seven per cent per annum. The appellant had made some of the earlier payments on this contract, when she entered into a written agreement with the respondents whereby she contracted to sell the lands in question to them, and also to assign to them her interest in the Nichols' contract. In this latter contract, appellant was designated as the first party and the respondents the second parties. After certain preliminary clauses, the contract provides as follows:

"The purchase price of said land and premises is $35,000, of which the sum of $4,000 has this day been paid, receipt whereof is hereby acknowledged by first party; and the remainder to be paid as follows, towit: $6,000 on October 1, 1920, $1400 on January 2, 1921, $4200 on October 1, 1921; $1500 on January 2, 1922; $4200 on October 1, 1922. Interest on all deferred payments at the rate of 7% per annum, payable on the dates of the foregoing installments. Upon the completion of said deferred payments, together with

all interest as above set forth, party of the first part shall assign, transfer and set over unto the second parties her said contract with the said Mary Dean Nichols and O. R. Nichols, and second parties upon such payments agree and assume to pay the balance due the said Fitts (mistakenly used for Nichols) upon said contract It Is Further Agreed that upon such payments this does assign, sell, transfer and set over to the second parties, said contract. First party hereby agrees and guarantees that said balance due the said Mary Dean Nichols and O. R. Nichols upon said contract shall be not to exceed $13,700, after January 1, 1922.''

It will thus be observed that the total of the payments to be made directly to the appellant is $21,300, and that, when that sum shall have been paid the respondents should then assume the balance of the payments due on the Nichols' contract, which payments amount to $13,700, thus making the total consideration of $35,000.

The appellant insists that respondents must pay seven per cent interest on this $13,700 from the date of the contract, which is July 16, 1920, to October 1, 1922, when they were to take over the payments provided for in the Nichols' contract. On the other hand, the respondents contend that the appellant must pay this disputed interest.

A careful consideration of the contract convinces us that it places upon the appellant the duty to pay the interest in controversy.

The clause which we have above quoted obligates the respondents to pay various installments down to October 1, 1922, which payments were to aggregate $21,-300, and "interest on all deferred payments at the rate of 7% per annum, payable on the dates of the foregoing installments." Appellant contends that the "deferred payments" mentioned mean all the deferred

payments on the $35,000 which was the total purchase price. We do not so read the contract. It expressly provides that the respondents shall pay seven per cent interest on the deferred payments according to the "foregoing installments." Those installments amount only to $21,300. This construction is made more certain in the sentence immediately following the provision for interest, because it speaks of such "deferred payments" as being those which the respondents were to make before they actually assumed the Nichols' contract.

But if any doubt exist as to the correctness of the construction we have given the contract, it is dispelled by a subsequent provision which provides that respondents may make these deferred payments (that is, those aggregating $21,300, including the cash payment) before they are due under the terms of the contract, and that should they pay appellant all that is to be paid her prior to the contract time, then the appellant "shall take care of the interest to become due said Nichols to the date of such payment only." It seems to us that the necessary meaning of this clause is that the appellant will discharge all interest payable on the Nichols' contract up to the time the respondents have completed their payments to her and assumed the payments to Nichols, according to his contract. Other clauses of the contract also favor this construction.

But it is said that the parties have, by their conduct, fixed and agreed upon a contrary interpretation. This argument is based upon the fact that when the respondents made their first deferred payment to the appellant (which by the agreement was to be made at a certain bank), they paid the interest on the whole $31,000; which, together with the $4,000 paid down in cash, was the total purchase price. It is conceded

that such was done, but the evidence, to our mind, very clearly indicates that this interest payment was made by mistake. The respondents requested the bank to calculate the amount which the contract required them to pay at that particular date, and they paid the amount which the bank advised them it was necessary to pay. They did not know at that time they were paying interest on the whole balance of $31,000.

The appellant alleges in her pleadings that, if the contract does not require respondents to pay the interest in controversy, then it does not express the agreement of the parties, and asks for a reformation. The testimony produced by the appellant would strongly tend to indicate that, at the time of the writing of the contract, it was mutually agreed by the contracting parties that respondents were to pay the interest here involved. But the testimony of the respondents makes it equally clear that the understanding was that appellant should pay it. We have always held that we will not reform a written contract under circumstances such as exist here unless the testimony shows clearly and decisively that the contract does not correctly express the terms of the agreement. In *Bruce v. Grays Harbor Drug Co.*, 68 Wash. 668, 123 Pac. 1075, we said:

"The rule is that, before a written instrument will be reformed, the evidence must be clear and convincing that the writing is not what the parties intended it to be, and that the mistake was mutual."

To the same effect see *Heffron v. Fogel*, 40 Wash. 698, 82 Pac. 1003; *Hapeman v. McNeal*, 48 Wash. 527, 93 Pac. 1076.

The testimony does not clearly and convincingly show that the contract fails to express the agreement that the parties made.

We think the trial court came to the correct conclusion, and the judgment is affirmed.

MAIN, C. J., MACKINTOSH, PARKER, FULLERTON, TOL-
MAN, and MITCHELL, JJ., concur.

HOLCOMB and PEMBERTON, JJ., dissent.