[No. 18938.  Department One.  March 13, 1925.]

E. W. McCONNELL, *Respondent*, v. GORDON CONSTRUC-
TION COMPANY et al., *Appellants*.[1]

APPEAL (129) — PRESERVATION OF GROUNDS — INSTRUCTIONS — RE-
QUESTS.  Error cannot be assigned on non-directions to the jury
upon a certain issue, in the absence of any request for instructions
thereon.

TRIAL (146) — VERDICT — ADVISORY VERDICT.  The court cannot be
said to err in adopting an advisory verdict of the jury, unless the
evidence clearly preponderates to the contrary.

REFORMATION OF INSTRUMENTS (6, 20) — GROUNDS — MUTUAL MIS-
TAKE — EVIDENCE — SUFFICIENCY.  A mutual mistake in a written con-
tract must be shown by clear and convincing evidence in order to
warrant reformation of the contract.

TRIAL (55) — TAKING CASE FROM JURY — SUFFICIENCY OF EVIDENCE.
The court is not warranted in submitting appellant's claim that a
change in the plans of a building contributed to its collapse, where
one change was of very small consequence, and all the other changes
tended to strengthen the building.

Appeal from a judgment of the superior court for
King county, Hall, J., entered March 6, 1924, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action on contract.  Affirmed.

*Riddell & Brackett,* for appellant Gordon Construc-
tion Company.

*Peters & Powell,* for appellant Massachusetts Bond-
ing & Insurance Company.

*Chadwick, McMicken, Ramsey & Rupp, Hartman &
Hartman,* and *C. R. Hovey,* for respondent.

PARKER, J.—The plaintiff, McConnell, commenced
this action in the superior court for King county, seek-
ing recovery of damages alleged to have resulted to
him from the defective construction of a building which

[1]Reported in 233 Pac. 926.

had been constructed for him by the defendant construction company under a contract for the faithful performance of which the defendant insurance company had, as surety, executed a bond. A second trial in the superior court, sitting with a jury, resulted in verdict and judgment awarding to McConnell recovery against the construction company in the sum of $12,740, and against the insurance company, as surety upon the bond, in the sum of $7,500, that being the amount of the bond. From this disposition of the case, the construction company and the insurance company have both appealed to this court.

The building contract in question is in writing in the form of a proposal made by the construction company to McConnell and his acceptance endorsed thereon. In so far as we need here notice its language, it reads as follows:

"We will furnish drawings and specifications by Harry Weatherwax of 503 Arcade Building, Seattle, Washington, and furnish all material and labor and construct for you the Monitor & Merrimac Building, as per Weatherwax' plans, with additional work later to be specified, at Elichs' Gardens, Denver, Colo., for the sum of Sixteen Thousand ($16,000.00) Dollars.

"We will build in a substantial and workmanlike manner, the Monitor & Merrimac Building, which will be a substantial reproduction of the Monitor & Merrimac Building on the Pay Streak, A. Y. P. Exposition with some additions and changes as follows: . . .

"We will give a bond of Seventy-Five Hundred ($7500.00) Dollars in some responsible Bonding Company, guaranteeing the faithful performance of our part of this contract."

There is also contained in the proposal some general specifications touching the manner of the construction of the building. Soon after the signing of this proposal and acceptance, the drawings and specifications were completed by the architect, and the bond was exe-

cuted by the insurance company; the contract, including the drawings and specifications, being referred thereto therein as the contract secured. The construction of the building at Denver was then proceeded with until completion. The building being apparently constructed according to the contract and the drawings and specifications in a workmanlike manner, McConnell notified the company of its completion and a short time thereafter paid to the construction company the full contract price of $16,000. Some two weeks thereafter the building collapsed, resulting in damages to McConnell, for which he seeks recovery. A former trial was had in the superior court, resulting in a verdict and judgment in favor of the construction company, from which McConnell appealed to this court; which judgment was reversed for error occurring in that trial, more particularly because of erroneous admission of evidence therein tending to vary the terms of the building contract; that is, tending to show that the parties intended the drawings and specifications to be furnished by McConnell; this evidence being introduced with a view of exonerating the construction company from all liability with reference to the deficiency of the drawings and specifications. Thereupon this court awarded a new trial to McConnell, holding that the words of the accepted proposal that "we will furnish drawings and specifications" are plain and unambiguous as putting upon the construction company full responsibility for the sufficiency of the drawings and specifications. *McConnell v. Gordon Const. Co.,* 105 Wash. 659, 178 Pac. 823.

Thereafter the construction company and the insurance company timely filed their amended answer seeking reformation of the building contract as an affirmative defense, in addition to its other defenses, alleging in substance that by mutual mistake of both parties

the words "we will *furnish* drawings and specifications" were intended to read "we will *pay for* drawings and specifications." This affirmative allegation made by the construction company was denied by McConnell in his reply thereto. The issues being thus enlarged, the second trial of the case was had before the court sitting with a jury. The court submitted to the jury the question of the alleged mutual mistake for an advisory finding thereon, recognizing that that was an equitable branch of the case to be finally determined by the court and not by the jury. The verdict of the jury was in effect a finding in favor of McConnell upon this equitable issue as well as upon the other issues. Judgment was accordingly rendered in his favor against the construction company and the insurance company, from which this appeal is prosecuted.

It is first contended in behalf of the construction company that the trial court erred in adopting the verdict of the jury as a finding that there was no mutual mistake of the parties in making the building contract read "furnish" instead of "pay for," with reference to the drawings and specifications. It is argued that this question was not submitted to the jury accompanied by proper instructions. The trial court, in observations made by it after the return of the verdict, does seem to concede that its instructions were not as complete as they should have been upon that question had proper requests been made; but the record renders it plain that in whatever respect the instructions given by the court were deficient, it was non-direction and not mis-direction. This counsel seem to concede. No request was made to have this defect in the instruction cured by more complete or elaborate instructions. Were we to treat the question of mistake as one wholly for decision by the jury, it seems plain that even then any such deficiency in the instructions given by the court

would not be available to the construction company as reversible error, it being mere non-direction and not mis-direction. *Lipsett v. Dettering,* 94 Wash. 629, 162 Pac. 1007. So after all, it seems to us, the trial court did not err to the prejudice of the construction company in adopting the verdict of the jury as a finding against the construction company upon the question of mistake in the making of the contract. Of course, on that question the jury's verdict was, in any event, only advisory, but the court cannot be said to have erroneously adopted it unless the evidence clearly preponderated to the contrary. We have been to considerable pains to review the evidence upon this question and are satisfied that it not only does not preponderate against such finding of the jury and the adoption thereof by the trial court, but preponderates in favor of that finding and its adoption by the trial court. This, to our minds, is particularly true in this case, in view of the general rule that the evidence must be clear and convincing that such a mutual mistake was made, before the court will be justified in reforming a contract as is here sought. *Hapeman v. McNeal,* 48 Wash. 527, 93 Pac. 1076; *Bruce v. Grays Harbor Drug Co.,* 68 Wash. 668, 123 Pac. 1075; *Moore v. Parker,* 83 Wash. 399, 145 Pac. 440; *Anderson v. Freeman,* 88 Wash. 608, 153 Pac. 307.

Counsel for the construction company cite and place some reliance upon our recent decision in *Hazard v. Warner,* 122 Wash. 687, 211 Pac. 732. A critical reading of that decision, however, will demonstrate that it was rather more a question of the somewhat ambiguous terms relating to the quantity of hay sold and there drawn in question, reading "$24 per ton, 250 about tons of alf. hay." In the light of the evidence relating to the negotiations leading up to the contract, rendering it clear that it was the whole crop of hay of the vendor

that was contemplated to be so sold, the words "250 about tons" were construed as a tentative estimate by the parties of the amount of hay, the exact amount being determinable by the whole crop. This seems to have been rather more a question of construction of ambiguous language relating to quantity than a technical reformation of the contract. We think that decision is not controlling in our present inquiry.

Contention is made in behalf of the insurance company upon the theory that the construction of the building was changed from that specified in the drawings and specifications. The change complained of was in only comparatively minor details. One change consisted of the use of metal lath which in a comparatively slight degree increased the weight of the building. Other changes were made expressly for the purpose of materially increasing, and which did increase, the strength of the building. The former, we think, is of too small consequence to be considered as a substantial change, and the latter was, in any event, a change which tended towards the better security of the insurance company, though it did not prove entirely sufficient to prevent the collapse of the building. We think it can well be said, as a matter of law, that the evidence did not warrant the submission to the jury of any question of change in the construction of the building from that specified in the drawings and specifications, assuming as counsel for the construction company argue, that such questions were not by the instructions sufficiently submitted to the jury for its determination.

The judgment is affirmed.

TOLMAN, C. J., ASKREN, BRIDGES, and MAIN, JJ., concur.