[No. 19348.    Department Two.    June 1, 1925.]

## I. L. Hirsch, *Respondent*, v. Consolidated Films Corporation, *Appellant.*[1]

Appeal (418)—Review—Findings. Findings that the value of technical equipment and other personal property was of the value of but $450, based on the testimony of experts, will not be disturbed on appeal, where a disinterested expert stated that it depended largely on an opportunity to find a buyer, in which case $1,500 would be a good buy, since the trial court had the witnesses before him and was not compelled to take the testimony of experts, as opposed to his own judgment.

Costs (4)—Discretion of Court—In Equity. The allowance of costs in an equitable case rests in the discretion of the trial court.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 30, 1925, in favor of the defendant upon its cross-complaint, in an action to foreclose a lien for rent, tried to the court. Affirmed.

*John E. Belcher,* for appellant.
*Chas. S. Lyons,* for respondent.

Holcomb, J.—Respondent commenced this action to foreclose a lien for rent. Appellant cross-complained for conversion, alleging that property belonging to it had been unlawfully converted by respondent by reason of the wrongful eviction from the premises and detention of the personal property, alleged to be of the value of $2,500. At the trial appellant admitted that the sum of $220 was due for rent to respondent, and agreed that it might be offset against any judgment in favor of appellant.

[1]Reported in 236 Pac. 279.

At the conclusion of the trial, the court orally announced its decision, finding that appellant had sustained its affirmative defense of eviction and conversion, and finding the value of the personal property converted to be the sum of $450, from which was offset the $220 due for rent, leaving a net judgment in favor of appellant of $230, which was entered against respondent. It was also adjudged that each party pay its own costs.

The only question involved on this appeal is the amount appellant is entitled to recover for the conversion, and the matter of costs.

Appellant contends that, at the trial, the only evidence of value was that of witnesses for appellant, who were uncontradicted and who testified that the property was of the value of not less than $1,500, one witness placing it at $2,500.

The record shows that all these witnesses were interested witnesses except two, the first of whom was one Smith, a public accountant, who testified to statements made up by him from the books and files of the company. From the statements made by him a book value of $6,100 was placed upon the personal property, which consisted of motion picture producing equipment and a very little office furniture. The statements made by Smith and introduced by appellant contain a note that owing to the fact that the real estate and studio equipment were brought on the books at a greater value than that paid for them, the surplus account showed a credit. The studio equipment item was shown on the books as of the value of $5,639.35. The inventory item, whatever that consisted of, was placed on the books at $2,222. The real estate was placed on the books at $13,750. So it is apparent from the statement made by the accountant, which he prepared from the

books of the company, that the item of studio equipment was considered swollen by the witness himself at the time the statement was made out. He in fact did not testify to any knowledge of the fair market value of the goods and chattels.

Another witness, one Stixrud, who was also an apparently disinterested, and a very honest and candid witness, testified that he knew nothing of the value of most of the property belonging to appellant, excepting projecting equipment with which he was entirely familiar. In general he very correctly said that "The market value of technical equipment of this sort would depend very largely on what opportunity one would have to get a buyer who would need it. The average layman would have no use for it at all." The only part of the equipment that he could say had any value was the office equipment; but assuming further that a buyer could be found who was going to produce motion pictures and could use this particular type of equipment, a certain part of it would be a good buy at $1,500. As to the part of which he had a thorough knowledge, he placed the value at $150.

The trial court, at the conclusion of the evidence, stated that it was in the same position as if the case were being tried to a jury. If the case were being tried to a jury, the court would instruct them that they would not be compelled to take the testimony of experts as to the value, but that they could use their own judgment. The court had the witnesses before it and weighed their qualifications and credibility. Having read and examined all the evidence and exhibits, we are unable to say that the evidence preponderates against the trial court's findings.

The question of the allowance of costs, while not argued here by appellant, is generally a matter of discretion with the trial court in such a case as this, and

we see no reason to disturb the judgment of the court thereon.

The judgment is therefore affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.