[No. 19884.    Department Two.    August 30, 1926.]

MATTIE E. LYDON, *Appellant*, v. EXCHANGE NATIONAL BANK, *Respondent*.[1]

[1] APPEAL (129)—PRESERVATION OF GROUNDS—INSTRUCTIONS—FAILURE TO REQUEST. In the absence of any request therefor, error cannot be assigned upon the failure of the court to instruct upon one of the issues in the case.

Appeal by plaintiff from an order of the superior court for Spokane county, Huneke, J., entered December 30, 1925, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*G. E. Lovell,* for appellant.
*Post & Russell,* for respondent.

MAIN, J.—This is an appeal by the plaintiff from an order granting a new trial. The facts are stated in 134 Wash. 188, 235 Pac. 37, when the case was here upon the former appeal. That appeal was by the plaintiff from an order granting a judgment notwithstanding

¹Reported in 248 Pac. 806.

the verdict. The judgment was reversed, and the cause remanded with directions to the superior court to pass upon the motion for a new trial. As stated, the motion was granted and this is an appeal from that order.

The trial court was of the opinion that there was error, in that only one issue was submitted to the jury when in fact there should have been two. The complaint alleged that the respondent bank had sold the note and mortgage in question to one Perry. This was denied by the answer, and it was pleaded affirmatively that, at the instance and request and with knowledge and consent of the appellant, the note and mortgage had been assigned to Perry for the purpose of foreclosure. This affirmative allegation was denied by the reply.

In submitting the case to the jury, the court did not give an instruction upon the issue made by the complaint and the denial, but did instruct upon the issue made by the affirmative plea in the answer and the denial in the reply thereto. No request was made by either party that the court instruct upon both issues. In instructing upon the second issue, it was stated that that was the only issue that the jury had to determine.

[1] Assuming that it was error for the court to fail to instruct upon the issue as to the sale; it was not an error on which the respondent could rely. The appellant had the affirmative upon that issue and the failure to instruct thereon would in nowise be prejudicial to the respondent. In addition to this, in the absence of a request, it was not error for the court to fail to instruct upon both issues. The failure to so instruct was a nondirection and not a misdirection. Upon the issue submitted, the jury was correctly instructed.

In *McConnell v. Gordon Construction Co.,* 133 Wash. 405, 233 Pac. 926, it was held that error could not be assigned on non-direction to the jury upon a certain

issue in the absence of any request for an instruction thereon. In *Rush v. Spokane Falls & N. R. Co.,* 23 Wash. 501, 63 Pac. 500, it was held that, where an instruction as given stated the law correctly, but did not go far enough in explaining the application thereof, the remedy of the party objecting was not to except to the instruction given, but to request the court for further instructions upon the point desired. In the present case, in the absence of a request, the court did not err in failing to submit to the jury both issues.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment upon the verdict.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.

MACKINTOSH, J., dissents.