[No. 25013. Department Two. September 18, 1934.]

AGNES JANE SPENCER, *Respondent*, v. R. L. PATTON
et al., *Appellants.*[1]

J. F. Aiken, for appellants.
W. W. Clarke, for respondent.

HOLCOMB, J.—Respondent commenced this action to collect certain unpaid rental for the premises described in a written lease and for the reformation of the written lease so as to correctly describe the demised premises as set forth in the complaint.

Appellants answered, denying various allegations of the complaint, and as an affirmative defense alleged that the lease was executed on August 27, 1931; that the description of the property in the lease was the correct description of the property leased by them;

[1]Reported in 35 P. (2d) 768.

that, after making the lease, they were in possession of all the premises therein described; that respondent erected a dwelling house on the premises without the consent of appellants and ejected them from a portion of the leased land, for which they alleged damages.

After a trial to the court without a jury, it found in favor of appellants upon the question of delinquent rental, a valid and sufficient tender of which had been paid into court for the benefit of respondent. The question of delinquent rental and the tender of money into court having been decided favorably to appellants, they do not complain, nor does respondent.

The lease was prepared by respondent's attorney at the instance of respondent, in his office; it was dated August 27, 1931, and was for a term of three years. The leased property was described therein as 5612-14 N. Wall street, in Spokane, and more particularly described as follows:

"The North One-Half (N½) of Lots Eleven (11) and Twelve (12) and all of the vacated alley lying between Lots One (1) and Twelve (12) and that part of Lots Two (2) and Eleven (11) not included in the present lines of Wall Street, all in Block Twenty-four (24) of Rosendale Addition to Spokane Falls (now Spokane) in the city of Spokane, county of Spokane and state of Washington."

The complaint alleged that the description of the property intended by the parties is as follows:

"The South six feet (6 ft.) of Lots one (1) and two (2) in Block Twenty-four (24) of Rosendale Addition to Spokane Falls, now Spokane, Spokane County, Washington, and all of the vacated alley immediately adjacent to said Lots one (1) and two (2) and Lots Eleven (11) and Twelve (12) of said Block Twenty-four (24) of Rosendale Addition, and the North six feet (6 ft.) of Lots Eleven (11) and Twelve (12) in Block Twenty-four (24) of Rosendale Addition to the

city of Spokane Falls, now Spokane, Spokane county, Washington.''

Upon the evidence introduced, the trial court did not follow the allegations of the complaint but entered a judgment reforming the instrument to read as follows:

"The North Twenty-eight feet (28) of Lots Eleven (11) and Twelve (12) and the South Six feet (6) of Lots One (1) and Two (2) and all of the vacated alley lying between said Lots One (1) and Two (2) and Eleven (11) and Twelve (12) not included in the present lines of Wall street, all in Block twenty-four (24) of Rosendale Addition to Spokane Falls (now Spokane), Spokane county, Washington, not occupied by the concrete walk adjoining the store building on said premises on the north but with the right to the lessee to the joint use of said concrete walk together with the tenants of the adjoining property.''

Appellants assign four errors for reversal, but state in their briefs that the only error to be considered, so far as they are concerned, is the reformation of the lease in question.

Appellants make much of the fact that the trial court fixed the boundaries differently than as alleged in the complaint. It is true that there was a variance between the description as stated in the complaint and the testimony accepted by the trial court. The trial court, however, had the power to consider the complaint amended to conform to the proofs. *McGuirk v. Gazzam,* 150 Wash. 554, 274 Pac. 176.

Although the lease was prepared by respondent's attorney and was acknowledged before a notary public, the confusion had arisen because of the vacation of an alley, which misled the attorney in preparing the description for the lease.

There can be no doubt, however, under the evidence as resolved by the trial court, and it is clear and con-

vincing, that the parties intended that the lease should cover 5612 and 5614 N. Wall street, the use of a community walk just north of 5614 N. Wall street, and a few feet of land south of the house on 5612 N. Wall street. All the parties understood at the time of the lease that the vacant land south of 5612 N. Wall street was reserved by the Spencers, during the lifetime of respondent's husband, who transacted all of the business with appellants for her, for the purpose of building a home and living there. By mistake, the land south of 5612 N. Wall street was included in the legal description of the leased premises and the north three feet of the store building and community walk was omitted. That was the mistake of the scrivener.

Immediately after the lease had been executed, the Spencers began and thereafter finished the construction of a house upon the residence portion, which included the south half of lots 11 and 12 and was intended to be reserved for occupancy by themselves, to which appellants, although there continually, made no objection.

Mr. Patton, who alone testified on behalf of appellants, stated that he paid no attention to where the line would be because he did not know exactly how it had been cut up, and also admitted that he would not have been satisfied with the description had he known that the whole store building was not included.

Appellants argue that the evidence in this case was not clear and convincing that there had been a mutual mistake made in the description of the demised premises. To this point, they cite our cases, and others, from outside jurisdictions which have no influence here: *Hapeman v. McNeal,* 48 Wash. 527, 93 Pac. 1076; *Moore v. Parker,* 83 Wash. 399, 145 Pac. 440; *Anderson v. Freeman,* 88 Wash. 608, 153 Pac. 307.

We still adhere to that principle. However, the evi-

dence in this case was "clear and convincing" that a mutual mistake had been made, no matter whose fault it was. In such a case, equity will relieve from the mistake, even though no fraud existed. *Dennis v. Northern Pacific Railway Co.*, 20 Wash. 320, 55 Pac. 210. We there said that the real inquiry was not how the scrivener came to make the mistake, but was the mistake actually made so that the mutual agreement of the parties was not effected by the deed.

The same principle was enunciated, and the *Dennis* case reaffirmed, in *Murray v. Sanderson*, 62 Wash. 477, 114 Pac. 424; also, in *Silbon v. Pacific Brewing & Malting Co.*, 72 Wash. 13, 129 Pac. 581; *Chapman v. Milliken*, 136 Wash. 74, 239 Pac. 4; and *Stubbe v. Stangler*, 157 Wash. 283, 288 Pac. 916.

A review of the record shows that the facts not only do not preponderate against the findings of the trial court, but are rather overwhelming in their favor. In view of the admission heretofore noticed on the part of appellant, we may well doubt whether, had the judgment been favorable to appellants, in a trial *de novo* in this court it should have been affirmed.

Another error assigned and argued by appellants is that, since the trial court did not find the facts in accordance with the complaint of respondent as drafted, and found in part in favor of appellants as to the rental, it was error to conclude that appellants were not entitled to their costs in the defense of the action in the trial court.

The allowance of costs in an equitable case rests in the discretion of the trial court. *Hirsch v. Consolidated Films Corporation*, 134 Wash. 682, 236 Pac. 279 (not cited by respondent).

The judgment is right, and is affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.