WILLIAM R. MATTHEWS *et al., as Executors, Respondents,* v. HENRY C. CALHOUN *et al., Defendants,* ROBERT M. GRAY *et al., Appellants.*[1]

*O. C. Marler,* for appellants.

*Gleeson & Gleeson,* for respondents.

HOLCOMB, J.—A motion to strike the statement of facts and dismiss the appeal made by respondents in their answering brief, on the ground that the statement of facts was not served until ninety-five days after the entry of the decree and not filed until ninety-eight days after the entry of the decree, was confessed by appellants in their reply brief and in oral argument.

[1]Reported in 73 P. (2d) 1329.

Therefore, the statement of facts must be stricken.

Appellants contend, however, that there are exhibits and other material reproduced in the brief of respondents constituting admissions so that they may be considered by this court on this appeal. It is also contended that there are allegations in the pleadings of respondent which constitute admissions that cannot now be disputed.

This is an action in equity tried to the court. Full and complete findings were, however, made by it. There is no complaint that the findings do not support the decree. Both parties rely somewhat upon the memorandum opinion filed by the trial judge, which, under our rule and decisions, went out with the statement of facts and cannot be considered.

 The findings support the decree. If there is any inconsistency between the allegations of the complaint of respondents, the facts not being before us, we must now consider the complaint amended to conform to the proof. *Brady v. Frigidaire Sales Corp.,* 180 Wash. 472, 40 P. (2d) 166.

Under our Rule III, 159 Wash. lviii, an amendment to a complaint may introduce a new or different cause of action. *McGuirk v. Gazzam,* 150 Wash. 554, 274 Pac. 176; *White v. Million,* 175 Wash. 189, 27 P. (2d) 320.

The trial court and this court have the power to consider the complaint amended to conform to the proof. *Spencer v. Patton,* 179 Wash. 50, 35 P. (2d) 768.

 It is to be presumed that the findings were supported by competent proof.

The facts not being before us, the decree must be, and is, affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.